FAUBER et al. v. SPRINGFIELD DROP–FORGING CO. et al.

(Circuit Court, D. Massachusetts. November 22, 1899.)

No. 1,145.

PATENTS—INFRINGEMENT BY CORPORATION—LIABILITY OF OFFICERS.

It is no defense to a suit for infringement of a patent against a defendant individually that any acts of infringement committed by him were committed in his capacity as an officer of a corporation, which, if any one, was the infringer.

This is a suit in equity for infringement of a patent. Heard on pleas of defendants Goddard and Moore.

Poole & Browne and William Maynadier, for complainants.
Edward S. Beach, for defendants.

LOWELL, District Judge. This was a bill in equity, brought against the Springfield Drop-Forging Company, one Goddard "individually and as president of said corporation," and one Moore "individually and as treasurer of said corporation." No objection was made to this phraseology of the bill. The substantial part of the plea of Goddard is as follows:

"That this defendant was, prior to the grant of the letters patent No. 492,-959, mentioned in the bill of complaint, to said complainants, on March 7, 1893, treasurer of the Springfield Drop-Forging Company, one of the above-named defendants, and since has been and now is treasurer of said Springfield Drop-Forging Company; that this defendant has not personally at any time made, used, or sold, or caused, directed, or consented to be made, used, or sold, in the said district of Massachusetts, or elsewhere in the United States, any velocipedes or pieces or parts thereof constructed according to or containing the alleged invention patented by said letters patent No. 492,959; that this defendant personally is not now doing so; that this defendant personally has not offered, prepared, or threatened at any time to do so; that each and every of the

acts of infringement alleged in said bill of complaint, if committed at all, were committed by the said Springfield Drop-Forging Company; that all the acts of this defendant in relation to said velocipedes and pieces and parts thereof, if done at all, were done solely in his official capacity as treasurer of the said Springfield Drop-Forging Company; and that this defendant has not personally at any time derived, and is not now personally deriving, as alleged in said bill of complaint, any gain, profit, or benefit whatsoever from making, selling, or using, or from causing, directing, or consenting to be made, sold, or used, velocipedes, or pieces or parts thereof, constructed, as alleged, according to or containing the alleged invention patented by said letters patent No. 492,-959."

The plea of Moore is similar.    The first part of the plea is a denial of infringement by Goddard "personally"; the second part, an assertion that the infringement, if committed, was committed by the corporation; the third part, an assertion that the acts of Goddard, in relation to the infringement, were done in his official capacity.    The plea is somewhat inconsistent, but I take it that its first allegation is meant to be controlled by its third, and that the plea sets forth substantially that the acts of infringement committed by the defendant Goddard, if any there were, were committed by him in his official capacity.    If this be the meaning of the plea, the plea is insufficient.    Cash-Register Co. v. Leland (C. C. A.) 94 Fed. 502. Plea overruled.